■ C.I.T. FINANCIAL CORPORATION, Respondent, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.— Order, Supreme Court, New York County, entered July 10, 1970, denying defendant's motion to dismiss plaintiff's complaint, *inter alia*, for lack of legal capacity to sue, unanimously reversed, on the law, and the motion granted, with leave to plaintiff, if it is so advised, to serve an amended complaint or to apply for leave to add a party within 20 days after service upon it by defendant-appellant of a copy of the order entered hereon with notice of entry. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff brought this action to recover on a policy of insurance issued by defendant which provided that any loss there-

under was payable as interest may appear to the named insured and to "C.I.T. Corp." Plaintiff is alleged to be a wholly owned subsidiary of C.I.T. Corporation. The litigated issue below was whether a "loss payee as interest may appear" may bring a direct action to enforce its rights under the policy. We agree with Special Term that it may. On this appeal, however, appellant now contends that plaintiff's parent, and not plaintiff, is the designated loss payee. Since the complaint alleges nothing more on this point except the parent-subsidiary relationship above referred to, we conclude that, on the present record, the motion should have been granted. However, plaintiff should be afforded an opportunity to replead or to add a party, if it so desires. Concur — Stevens, P. J., Kupferman, Murphy and Tilzer, JJ.